IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIGILANT INSURANCE COMPANY, A
New York company,

    Plaintiff,

v.

MONDEL ENTERPRISES, a sole
proprietorship, ORLANDO R.
MONTOYA, individually and d/b/a
MONDEL ENTERPRISES, JEANETTE
D. MONTOYA, individually,

    Defendants.

No. 01-CIV-0312 BRB/DJS

MEMORANDUM OPINION AND ORDER

BALDOCK, Circuit Judge.[*]

This matter comes before the court on Defendants' Motion to Set Aside Entry of Default Judgment. On May 29, 2001, this court entered default judgment against Defendants for failure to respond within the allowable time. See Fed. R. Civ. P. 12(a)(1)(A). Defendants now seek to set aside that default judgment. For the following reasons, Defendants' motion is granted.

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

I.

Plaintiff filed the original complaint in this action on March 20, 2001.  The complaint alleges that Defendants executed an indemnity agreement promising to indemnify Plaintiff for issuing a bond (the "Bond") on behalf of Mondel Enterprises for a construction project.  Plaintiff claims to have paid claims and incurred expenses in the amount of $94,229.36 to date related to the Bond.

Defendants Orlando R. Montoya and Mondel Enterprises were served with process on April 12, 2001.  Defendant Jeanette D. Montoya was served with process on April 19, 2001.  After Defendants failed to enter an appearance or file an answer, motion, or other pleading within the time required by law, the clerk of the court entered default against Defendants on May 21, 2001.  See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.").  On May 29, 2001, this Court granted Plaintiff's motion for entry of default judgment in the amount of $94,229.36.

On June 29, 2001, Defendants filed a motion to set aside the default judgment.  Defendants argue (1) that the default judgment order is defective on its face and (2) even if the order were technically correct, the circumstances surrounding Defendants' failure to respond qualify as excusable neglect.

II.

Defendants first argue the default judgment should be set aside because the order is defective as prepared. The order erroneously states it was entered on the basis of "the defendant's motion for default judgment." The order was actually prepared and entered in response to Plaintiff's motion.

Fed. R. Civ. P. 60(a) provides:

> [C]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Accordingly, the clerical error in the order does not warrant setting aside the default judgment.

Defendants also argue good cause exists for setting aside the default judgment. Defendants argue their failure to respond was essentially the insurance carrier's fault. Defendants contend they timely notified their general liability insurance agent, and forwarded the complaint and summons to the insurance company. At that time, the insurance company told Defendants they would review the matter and notify Defendants if the carrier would not defend the matter. When Defendants learned of the default judgment, they contacted the insurance company and were informed that the carrier would not defend them and had not filed an answer on their behalf. In short, Defendants argue it was reasonable for them to rely on the representations of their insurance agent and carrier and, therefore, the failure to respond to the complaint qualifies as excusable neglect.

Fed. R. Civ. P. 55(c) provides that a default judgment may be set aside pursuant to Fed. Rule Civ. P. 60(b).  Fed. R. Civ. P. 60(b) states in relevant part:

> [O]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) is an extraordinary procedure available upon a showing of good cause.  Cessna Finance Corp. v. Bielenberg Masonry, 715 F.2d 1442, 1444 (10th Cir. 1983).  As a remedial provision, Rule 60(b) is liberally construed and applied.  Id.  The courts strongly prefer having a case decided on its merits rather than by default judgment.  Id.  When a defendant has timely filed a motion to set aside the judgment and raised a meritorious defense, any doubts get resolved in favor of the defendant.  Id. at 1445.  The trial court's discretion on Rule 60(b) motions is exercised upon assessing three factors: (1) whether the default resulted from the defendant's culpable conduct; (2) whether the defendant has a meritorious defense; and (3) whether plaintiff would be prejudiced if the default judgment were set aside.  United States v. Timbers Preserve, Routt County, Colo., 999 F.2d 452, 454 (10th Cir. 1993).

A defendant's conduct is generally considered culpable if he has "defaulted willfully or has no excuse for the default."  Id.  The Court cannot attribute the default in this case to deliberate misconduct by Defendants.  Defendants had a mistaken belief that the insurer was defending the claim.  In addition, Defendants filed this motion promptly after learning of the default judgment.  Although Defendants could have been more

diligent in following up on the status of the case, the Court concludes their failure to do so does not preclude relief.

Moreover, the Court cannot say at this point that Defendants do not have a meritorious defense. Defendants claim Plaintiff never informed them of the specific problems related to the construction project. Defendants also contend they were not involved in the settlement of the claims paid by the Plaintiff, nor were they given an opportunity to cure any problems or defects in the construction. In addition, Defendants claim Plaintiff failed to mitigate its damages. The moving party need not establish a defense with certainty, but only show the existence of facts that would permit the trier of fact to find for the defaulting party. <u>Park Nursing Ctr., Inc. v. Creditors Comm. of Park Nursing Ctr., Inc.</u>, 766 F.2d 261, 264 (6th Cir. 1985).

Finally, setting aside the default judgment will not prejudice Plaintiff. This Court recognizes the policy in favor of resolving litigation on the merits. Defendants filed the motion within a reasonable time after the Court entered the default judgment. In addition, this Court can eliminate any prejudice by requiring Defendants to pay the reasonable attorney's fees and expenses related to the default judgment.

III.

For the foregoing reasons, Defendant's motion is GRANTED. It is further ordered that Defendants may properly file their Answer with the court. Defendant, however, is on notice that they must strictly adhere to deadlines. This Court will tolerate no further violations. Defendants are further ordered to pay the reasonable attorney's fees and

expenses Plaintiff incurred in seeking the default judgment, and in opposing Defendant's motion.

    SO ORDERED.

                        Entered for the Court
                        this 24th day of July, 2001.

                        Bobby R. Baldock
                        United States Circuit Judge
                        Sitting By Designation